**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CLAUDIO TUNDO, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**PASSAIC COUNTY, et al.,**<br><br>Defendants. | Civil Action No. 09-5062 (ES) (MAH)<br><br>MEMORANDUM OPINION |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiffs Claudio Tundo and Ruben Gilgorri's (together, "Plaintiffs") motion for reconsideration of the Court's February 6, 2018 Opinion and Order granting Defendants' motion for summary judgment. (D.E. No. 196). Having considered the parties' submissions, the Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, Plaintiffs' motion for reconsideration is DENIED.

*Background.* On February 6, 2018, the Court issued an Opinion and Order granting Defendants' motion for summary judgment. (D.E. No. 193 ("Opinion"); D.E. No. 194 ("Order") (together, the "February 2018 decision")). As the Court already set forth the factual background in its prior Opinion, the Court incorporates those facts here. (*See* Opinion at 2-6). On February 20, 2018, Plaintiffs filed a motion for reconsideration with respect to the Court's February 2018 decision. (D.E. No. 196-1 ("Mov. Br.")). Defendants opposed Plaintiffs' motion on February 28, 2018. (D.E. No. 197 ("Opp. Br.")). The matter is now ripe for resolution.

*Legal Standard.* "In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration." *Morton v. Fauver*, No. 97-5127, 2011 WL 2975532, at *1 (D.N.J. July 21,

1

2011) (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)). Reconsideration under Local Civil Rule 7.1(i) is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *Id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers*, 130 F. Supp. 2d at 612-13. Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

***Discussion.*** Plaintiffs ask the Court to reconsider its February 2018 decision holding that Plaintiffs did not have a property interest in the eligible list and granting Defendants' motion for summary judgment on Plaintiffs' procedural-due-process claim. (Mov. Br. at 2). Plaintiffs make no claim that there was an intervening change in the controlling law or that evidence that was not previously available has become available. (*See generally id.*). Rather, Plaintiffs' motion appears to rest on the position that reconsideration is necessary to correct a clear error of law or prevent manifest injustice. (*See generally id.*). "Generally, this means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Rose v. Alternative Ins. Works, LLC*, No. 06-1818, 2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007).

Plaintiffs, however, fail to show a need to correct a clear error of law or to prevent manifest injustice. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. Indeed, Plaintiffs' motion for reconsideration essentially rehashes arguments Plaintiffs raised in their opposition to Defendants' summary-judgment motion.

In opposing that motion, Plaintiffs argued that they "have protected property interests in their placement on the re-employment list" and their legitimate claim of entitlement is "grounded in statutes and regulations." (D.E. No. 180-3 at 16-17). Plaintiffs further argued that "the applicable civil service statutes and regulations mandated that the list exist permanently until it is exhausted, that the individuals on the list remain on the list, that the department must hire in the order of the list, and that they may not hire other officers until the list is exhausted." (*Id.* at 17). And in support of their position, Plaintiffs relied on *Stana v. School District of City of Pittsburgh*. (*See id.* at 16 (citing 775 F.2d 122 (3d Cir. 1985)).

Plaintiffs' arguments in support of their reconsideration motion are nearly identical. Plaintiffs again argue that they "have protected property interests in their placement on the re-employment list" and their legitimate claim of entitled is "grounded in statutes and regulations." (Mov. Br. at 3, 7). They recite verbatim their previous argument that "the applicable civil service statutes and regulations mandated that the list exist permanently until it is exhausted, that the individuals on the list remain on the list, that the department must hire in the order of the list, and that they may not hire other officers until the list is exhausted." (*Id.* at 7). And finally, they again rely on *Stana* in support of their position. (*Id.* at 6-10).

Plaintiffs thus "merely seek a second bite at the proverbial apple—a chance to rehash arguments already rejected by the Court . . . ." *See DeLalla v. Hanover Ins.*, No. 09-2340, 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010). Plaintiffs fail to proffer any change in law,

unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction. And Plaintiffs' disagreement with the Court's application of established precedent[1] is not an appropriate basis for a motion for reconsideration, as such disagreement should be raised through the appellate process. *See Assisted Living Assocs. of Moorestown, L.L.C. v. Moorestown Twp.*, 996 F. Supp. 409, 442 (D.N.J. 1998); *see also Smith v. Honeywell Int'l*, No. 10-3345, 2011 WL 1870598, at *1 (D.N.J. May 13, 2011) ("[S]ince [the movant] has not put forth any legal standards that this Court has overlooked but instead disagrees with the application of the law, the motion for reconsideration will be denied."). Plaintiffs therefore have failed to meet the standard for reconsideration. Accordingly, Plaintiffs' motion is denied.

***Conclusion.*** For the reasons set forth above, Plaintiffs' motion for reconsideration is DENIED. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] (*See* Mov. Br. at 7-10 (disagreeing with the Court's application of *Anderson v. City of Philadelphia*, 845 F.2d 1216 (3d Cir. 1988) and *McCool v. City of Philadelphia*, 494 F. Supp. 2d 307 (E.D. Pa. 2007)).

4